**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4037

VINCENT D. ROGERS, a/k/a Tyrone
Peterson, a/k/a Do Dirty,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-94-129)

Submitted: January 23, 1997

Decided: February 10, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Benjamin Bryant, KING ALLEN & GUTHRIE, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Philip J. Combs, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vincent D. Rogers pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996), and possession of crack cocaine with intent to distribute. 21 U.S.C. § 841 (1994). He appeals his 87-month sentence, contesting the district court's findings concerning the amount of crack attributable to him, USSG § 2D1.1, * an enhancement for the possession of a firearm, USSG § 2D1.1(b)(1), and the court's refusal to award him a substantial assistance departure without a government motion pursuant to USSG § 5K1.1, p.s. We affirm.

Rogers and DeLamarr McNeil were stopped and arrested while riding in a taxicab. Rogers had a small amount of marijuana in his pocket. A plastic bag containing 5.76 grams of crack and a loaded .38 caliber revolver were on the floor in the back seat of the cab. McNeil was carrying a key for Room 204 of the local Econo Lodge Motel. Rogers had checked into the motel a few days before. When federal agents searched the room just after midnight, they found a sixteen-year-old girl, two marijuana cigarettes, Rogers' driver's license, a Social Security card in the name of Darnell M. Rogers, two rounds of ammunition, phone numbers written on notes and a pizza box, and a video camera and cassette. The girl in Room 204 told agents that she had come to Huntington with McNeil and Jeffrey Simms. She said that, on the night Rogers and McNeil were arrested, she saw Rogers and Rashawn Bishop cutting up crack in Room 204 and heard Simms ask Rogers whether he had sold his crack. She recalled that Rogers had a bag of crack when they left and Bishop had a gun.

The video cassette showed Bishop, Simms holding a gun, a baggie

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

2

apparently containing drugs, and Rogers holding a gun. The next morning, a motel maintenance man found a bag containing 35.8 grams of crack under the dresser in Room 204. Bishop was never apprehended, but Simms and another man were found the same night at another motel. Their room contained $1630 in cash, a revolver, ammunition, and a pager.

We find first that the district court did not clearly err in attributing the 35.8 grams of crack found under the dresser in Room 204 to Rogers and his co-conspirators, given that no one else had occupied the room between the time of the search and the discovery of the crack. And while the court did not specifically find that the additional crack was within the scope of Rogers' agreement, see USSG § 1B1.3(a)(1)(B), there was evidence that Rogers cut up crack for sale in that room but no evidence to suggest that his agreement with his co-conspirators was limited to less than the whole amount possessed among them. The court's finding as to him was thus adequate.

Similarly, a two-level enhancement was properly made for the firearm on the floor of the taxi, even if McNeil possessed it, because the firearm was present during the offense. USSG § 2D1.1(b)(1), comment. (n.3). The Supreme Court's decision in Bailey v. United States, 516 U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448/7492), does not affect this result.

Rogers also contends that the district court erred in finding that the government had legitimate grounds for refusing to file a substantial assistance motion, even though one of the grounds put forward by the government was unconstitutional. Rogers' plea agreement obligated him to respond truthfully to any government inquiries, but did not obligate the government to file a motion under USSG§ 5K1.1 even if he gave substantial assistance. In this circumstance, a district court may review the government's decision not to file the motion and grant a remedy only if the government's refusal to file the motion is based on an unconstitutional motive, or is not rationally related to a legitimate government objective. Wade v. United States, 504 U.S. 181, 184-87 (1992).

In a letter to defense counsel before sentencing, the government attorney listed the following reasons why he would not advocate a

3

departure: (1) defense counsel had filed "frivolous" objections to the presentence report; (2) Rogers' assistance had been required under the plea agreement; and (3) Rogers' assistance had been limited because he was incarcerated. At sentencing, the district court found the first reason unconstitutional. However, the case agent testified that, while Rogers had provided helpful information concerning another investigation, he had also voluntarily taken a polygraph test which showed that he was lying about his connection to the firearm in the instant offense. The agent said he could not recommend that the government request a departure for a defendant who lied about the weapon in his offense. The court found that the government had a legitimate interest in receiving truthful information and that no remedy was available under Wade. We agree.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4